§IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:12CR3075 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| DESHAWN MAURICE FLETCHER, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Fletcher has filed a § 2255 motion based upon *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015). The matter has been well-briefed by an Assistant United States Attorney and an Assistant Federal Public Defender. I thank them for their good and prompt work.

Fletcher entered a plea of guilty to a one-count information charging possession of a firearm after having been convicted of three offenses which were violent felonies and serious drug offenses. Two[1] of the convictions were for terroristic threats, and one of those convictions was committed when Fletcher was a juvenile. I sentenced him to 210 months in prison, but I subsequently reduced that sentence to 158 months in prison pursuant to Federal Rule of Criminal Procedure 35(b).

The government concedes that *Johnson* is retroactive. The government also concedes that Fletcher's motion is timely. However, the government forcefully argues that Fletcher's two convictions for terroristic threats under Neb. Rev. Stat. § 28-311.01 are qualifying felonies under the specific language of 18 U.S.C. § 924(e)(2)(B)(i), rather than the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) ("or otherwise

---

[1]It is not disputed that Fletcher also had a conviction for a serious drug offense.

involves conduct that presents a serious potential risk of physical injury to another") declared invalid by *Johnson*.

With elaborations and qualifications, I agree with the government, and will deny Fletcher's motion. Briefly, here is my reasoning:

***Point 1***—18 U.S.C. § 924(e)(1) and (e)(2)(B)(i) & (ii) state:

(e) (1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

(2) As used in this subsection—

. . . .

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or . . . .[2]

***Point 2***—Neb. Rev. Stat. § 28-311.01 provides that:

---

[2]The residual clause nullified by *Johnson* has been omitted.

(1) A person commits terroristic threats if he or she threatens to commit any crime of violence:

> (a) With the intent to terrorize another;

> (b) With the intent of causing the evacuation of a building, place of assembly, or facility of public transportation; or

> (c) In reckless disregard of the risk of causing such terror or evacuation.

(2) Terroristic threats is a Class IIIA felony.

*Point 3*—There is no dispute that Fletcher has been convicted (or adjudicated) of two separate violations of Neb. Rev. Stat § 28-311.01. (Filing No. 57 (evidence index).)

*Point 4*—The juvenile conviction involved a gun. (Filing No. 57-1, Judge's Adjudication, at CM/ECF p. 4 (see reference to Count I).) For purposes of applying 18 U.S.C. § 924(e)(2)(B), and the clause therein relating to juveniles ("any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult"), I find no law that prohibits me from looking at the juvenile judge's judgment to see if a weapon was involved. To be clear, this finding and conclusion has nothing whatever to do with parsing Neb. Rev. Stat. § 28-311.01. Nor does it propel me into the swamp consisting of the "categorical vs. modified categorical" approaches when determining the *elements of a state statute* under section 924(e)(2)(B)(i) or when determining the existence of *enumerated state crimes* under section 924(e)(2)(B)(ii).

*Point 5*—As urged by Fletcher, I assume, without deciding, that the strict categorical approach must be used in determining the nature ("elements") of the state conviction (or adjudication) when deciding the applicability of part "(i)" of 18 U.S.C. § 924(e)(2)(B). That is, I place no weight on the facts of his conviction (adjudication) in determining whether his state convictions have "as an *element* the use, attempted

use, or threatened use of physical force against the person of another" under section 924(e)(2)(B)(i) (emphasis added).

*Point 6*—By the plain terms of Neb. Rev. Stat. § 28-311.01, the Nebraska statute "has as an element [involving] the use, attempted use, or *threatened use of physical force against the person of another*" within the meaning of section 924(e)(2)(B)(i) (emphasis added). The statute could not be more clear—as an element, the offender must "threaten[] to commit any crime of violence." Neb. Rev. Stat. § 28-311.01. One cannot threaten an inanimate object. Moreover, the ordinary meaning of a "crime a violence" under Nebraska law (and otherwise) involves, and is circumscribed by, force against another person. Thus, as Judge Bataillon wrote when parsing Neb. Rev. Stat. § 28-311.01 and Nebraska case law, "A 'crime of violence' is 'an act which injures or abuses through the use of physical force and which subjects the actor to punishment by public authority.'" *United States v. Kydney*, No. 8:13CR165, 2013 WL 4774727, at *6-7 (D. Neb. Sept. 5, 2013) (citations omitted).

*Point 7*—In *United States v. Clinkscale*, 559 F.3d 815, 817-818 (8th Cir. 2009), the court was confronted with a Minnesota statute that read this way: "Whoever threatens . . . to commit any crime of violence with purpose to terrorize another . . . may be sentenced to imprisonment for not more than five years." The court held that the defendant's prior Minnesota conviction for terroristic threats was a violent felony under the Armed Career Criminal Act (ACCA) because the Minnesota offense authorized a sentence of up to five years in prison and had as an element the threatened use of physical force against the person of another. Subsequently, the Court of Appeals, citing *Clinkscale*, held that under Minnesota law "a terroristic threat fits the first clause of the definition, see § 924(e)(2)(B)(i) (defining violent felony as a felony that 'has as an element the . . . threatened use of physical force')." *United States v. Flannigan*, 367 Fed. Appx. 732 (8th Cir. 2010) (unpublished). Since I perceive no material difference between the terroristic threat statutes of Nebraska and Minnesota, Eighth Circuit precedent compels me to conclude that Fletcher's argument is unavailing.

**Point 8**—In a last-ditch attempt to achieve relief, Fletcher argues that Nebraska's terroristic threat statute could theoretically be violated by threatening arson and that not all arson threats necessarily involve the use of physical force against another person. With respect, this argument is flat wrong. First, if one *threatens another person* with arson, there is *always* the possibility that the recipient of the threat will be burned alive, together with the destruction of the owner's, tenant's, or occupant's building, vehicle, or other property. Secondly, the foregoing point is made crystal clear by 18 U.S.C. § 924(e)(2)(B)(ii) explicitly enumerating arson itself as a "violent felony." At least to me, it makes absolutely no sense to include arson as an enumerated offense under section 924(e)(2)(B)(ii), but exclude the threat of arson under section 924(e)(2)(B)(i).

IT IS ORDERED that:

1.     The Motion to Vacate under 28 U.S.C. § 2255 (Filing No. 51) is denied and dismissed with prejudice.

2.     No certificate of appealability will be issued.

3.     A separate judgment will be issued.

DATED this 4th day of January, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.